

NUMBER 13-13-00400-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**SCOTT SAMUEL MEYER,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

### On appeal from the 207th District Court of Comal County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Garza, Benavides and Perkes
### Memorandum Opinion by Justice Garza

A jury found appellant, Scott Samuel Meyer, guilty of theft under $1500, with two prior convictions, a state-jail felony offense. *See* TEX. PENAL CODE ANN. § 31.03(e)(3)(4)(D) (West, Westlaw through 2013 3d C.S.). At punishment, appellant

pleaded "true" to six enhancement paragraphs, enhancing his punishment level to a second-degree felony, and the jury assessed punishment at eighteen years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.425, 12.33 (West, Westlaw through 2013 3d C.S.). We affirm.

## I. *ANDERS* BRIEF[1]

Appellant's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has concluded that there is no reversible error. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has informed this Court that he has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served copies of the brief and motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). After several extensions granted by this Court, appellant filed a pro se response on February 18, 2014. *See In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the

---

[1] This appeal was transferred from the Third Court of Appeals to this Court pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, counsel's brief, and appellant's pro se response, and find that the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has filed a motion to withdraw as his appellate counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw.

We order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgment to appellant and advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4, *see* TEX. R. APP. P. 68.4.

at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of May, 2014.